### CITY OF MINOT et al. v. WALTON.†

(Circuit Court of Appeals, Eighth Circuit. December 19, 1910.)

No. 3,406.

MUNICIPAL CORPORATIONS (§ 821*) — EXCAVATIONS IN STREETS — ACTION FOR INJURIES—QUESTIONS FOR JURY.

In an action against a city to recover for an injury to plaintiff from falling into an excavation in a street at night, where the controlling issues were whether the excavation was properly guarded and that of contributory negligence, and there was substantial evidence on both in support of the verdict, the case was one for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

In Error to the Circuit Court of the United States for the District of North Dakota.

Action at law by Ernest L. Walton against the City of Minot and David Dinnie. Judgment for plaintiff, and defendants bring error. Affirmed.

George A. Bangs (R. H. Bosard, on the brief), for plaintiffs in error.

John E. Greene (L. J. Palda, Jr., on the brief), for defendant in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. This is a writ of error to review a judgment obtained by Ernest L. Walton against the city of Minot, in North Dakota, and David Dinnie, for personal injuries caused by falling into an excavation in a street. The liability of the city arose from neglect of its duty with respect to the condition of its thoroughfares. The excavation was made by and was in charge of Dinnie, a contractor, and, though mainly in private property, it extended into the sidewalk space along which pedestrians traveled. The accident occurred at night.

A motion by defendants at the close of the evidence for a directed verdict was denied by the trial court. The controlling issues of fact were: Was the excavation properly guarded at the place where plaintiff fell; and was he guilty of contributory negligence? A thorough examination of the record shows there was substantial evidence on both these matters to support the verdict. Some minor objections are urged, but we think it plain no error was committed.

The judgment is affirmed.